**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OSN Labs, LLC, | No. CV-23-01188-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Energy, LLC, | |
| Defendant. | |

Before the Court is Plaintiff OSN Labs, LLC's Motion for Attorneys' Fees and Costs. (Doc. 17.) Defendant did not respond to this Motion, and the time to do so has passed. *See* LRCiv 7.2(c). For the reasons below, the Court will grant the Motion.

**I.   BACKGROUND**

The Court previously set forth the factual background of this case. (*See* Doc. 12.) As relevant here, on June 28, 2023, Plaintiff OSN Labs, LLC ("OSN") initiated this action against Defendant Phoenix Energy, LLC ("Phoenix Energy") for trademark infringement, unfair competition, and related claims. (Doc. 1 ¶ 1.) Specifically, OSN alleges that Phoenix Energy engaged in unauthorized use of OSN's federally registered BLACKOUT trademark, leading to claims of trademark infringement under both federal and state law. Phoenix Energy failed to file an answer with the Court or otherwise respond to the Complaint. Accordingly, on January 4, 2024, Plaintiff OSN's Motion for Default Judgment was granted, and the Court found that Defendant Phoenix Energy willfully infringed on OSN's trademark. (Doc. 12 at 16.) In that same Order, the Court entered a permanent

injunction and allowed OSN thirty days to submit its request for reasonable attorney's fees pursuant to LRCiv 54.2. *Id.* OSN timely filed its Motion on January 19, 2024. (Doc. 17.)

## II.   LEGAL STANDARD

Section 1117(a) of the Lanham Act, which governs Plaintiff's trademark claims, permits a plaintiff to recover "the costs of the action." 15 U.S.C. § 1117(a); *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Additionally, district courts may grant reasonable attorney fees to the prevailing party in "exceptional cases" provided that they meet the content and formatting requirements set forth in the Local Rules of Civil Procedure. 15 U.S.C. § 1117(a); LRCiv. 54.2.

Before granting a motion for attorneys' fees, district courts must ensure that such requests are reasonable by using the "lodestar method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). "Under [the lodestar] approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973, 982 (9th Cir. 2008)).

In demonstrating a rate's reasonableness, "[t]he party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019) (quoting *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. The rate that an attorney can command in the market is highly relevant evidence of the prevailing community rate, making it a strong starting point for determining a reasonable rate. *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (cleaned up).

While the lodestar amount is "presumptively reasonable" in most cases, the Court may adjust it to account for the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526

F.2d 67, 70 (9th Cir. 1975). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; *see also* LRCiv. 54.2(c)(3).*

### III. DISCUSSION

#### A. Eligibility and Entitlement to Attorney's Fees and Costs

The Lanham Act allows the prevailing party to recover the costs of the action. Attorneys' fees, however, are only awarded in "exceptional" circumstances. "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (cleaned up). Courts have previously upheld the award of attorneys' fees under the Lanham Act solely based on a default judgment in a well-pleaded complaint that alleged willful conduct. *See, e.g.*, *Rio Props*, 284 F.3d at 1022-23; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *see also Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, at *8 (D. Ariz. Jan. 8, 2021) (finding willful infringement of a default judgment trademark case based on defendants continued use after receiving a cease-and-desist letter).

By entry of default judgment, the Court determined, as alleged in OSN's Complaint, that Phoenix Energy's actions constituted "willful infringement" by continuing to infringe OSN's trademark after receiving a cease-and-desist letter. (Doc 12 at 16-17.) OSN has

---

* The factors in *Kerr v. Screen Extras Guild, Inc.* are substantively the same as those in the Local Rules of Civil Procedure.

adequately demonstrated its eligibility and entitlement to attorney's fees and properly followed the formatting and content requirements as set forth in LRCiv 54.2. Therefore, as the prevailing party, OSN is eligible and entitled to reasonable attorneys' fees under the Lanham Act.

### B. Reasonableness of Fees

#### 1. Time and Labor Required

Plaintiff requests an award of $55,122.70 (Doc. 17 at 1.) This request includes a lodestar amount of $52,871.50 represented by 108.7 hours billed at $410 an hour by John T. Gallagher, 5.3 hours billed at $745 an hour by Eric M. Fraser, and 8.8 hours billed at $495 an hour by Phillip W. Londen. (*Id.* at 5.) Additionally, it includes $251.20 for out-of-pocket costs and $2,000 for anticipated costs incurred in collecting on the judgment. (*Id.* at 1, 5.) The work involved included investigating Phoenix Energy's infringement, analyzing jurisdictional issues, preparing the Complaint, perfecting service, negotiating a potential settlement with Phoenix Energy, moving for default judgment, and filing the motion for attorneys' fees and costs. The Court has reviewed the detailed billing records submitted by Plaintiff and finds that the hours and labor expended were substantive, necessary, and reasonable for the successful prosecution of this case. (Docs. 17-3, 19.)

#### 2. Novelty and Difficulty

The Court finds that this case did not present any novel or difficult issues. Although it is a trademark infringement case requiring some specialized knowledge, it did not involve novel or complex copyright issues. The case concluded with a default judgment, and the Plaintiff was not required to address any opposing arguments from the Defendant. The additional hours spent by the Plaintiff due to issues with service of process and an unsuccessful settlement were reasonable. Therefore, the Court concludes that no adjustment to the reasonable lodestar amount is necessary based on this factor.

#### 3. Requisite Skill to Perform the Legal Service Properly

The skill required to perform the legal services in this case is subsumed in the Court's assessment of the novelty and difficulty of the issues involved. The level of skill

required, although notable, does not necessitate an adjustment to the lodestar amount.

### 4. Preclusion of Other Employment

After reviewing the supporting documents and evidence presented, the Court finds no indication that handling this litigation precluded Plaintiff's attorneys from accepting other employment. Plaintiff has not provided specific evidence or arguments demonstrating that their attorneys were significantly hindered from other professional opportunities due to their work on this case. Consequently, no adjustment to the lodestar amount is warranted based on this factor.

### 5. Customary Fee

Counsel asserts that its hourly rates of $410, $495, and $745 are reasonable. (Doc. 17 at 3-6; Doc. 17-1 at ¶ 18; Doc 17-5 at ¶¶ 12-13.) The Court agrees. *See ThermoLife Int'l LLC v. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2020 WL 1694739, at *8 (D. Ariz. Apr. 7, 2020), (finding that hourly rates of $690 for an associate and $890 for a lead partner were reasonable), *aff'd sub nom. ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325 (9th Cir. 2020).

### 6. Experience, Reputation and Ability of the Attorneys

The Court has reviewed the detailed descriptions provided by the three attorneys involved in this case of their experience and qualifications. (Doc. 17-1 ¶ 3; Doc. 17-5 ¶¶ 16-17.)

Mr. Gallagher graduated from St. John's University School of Law and is a member at Hoffmann & Baron with over thirty-five years of experience. (Doc. 17-1 ¶ 3.) In that time, he has served as lead counsel in various intellectual property matters before the United States International Trade Commission and various other federal courts at the district and appellate level. (*Id.*) Mr. Fraser is a member at Osborn Maledon with fifteen years of experience. (Doc. 17-5 ¶ 16.) After graduating from the University of Chicago Order of the Coif with high honors, he clerked for the D.C. Circuit under the Honorable Douglas H. Ginsburg. He also previously served as the Chair of the State Bar of Arizona's Intellectual Property Section. (*Id.*) Mr. Londen is a member at Osborn Maledon. (*Id.* ¶ 17.)

1  He graduated with honors from Arizona State University and clerked for both the U.S.
2  Court of Appeals on the 9th Circuit, as well as the U.S. District Court for the District of
3  Arizona. In total, he has nine years of experience in complex commercial litigation,
4  including intellectual property disputes. (*Id.*)

5        The Court finds that their backgrounds and experience do not warrant any
6  modification of the lodestar amount.

### 7. Fixed or Contingent Fee

8        All attorneys worked at a fixed hourly rate. Such fees were billed monthly, and
9  Plaintiff has not indicated that a contingency fee arrangement was in place. (*See* Doc. 17-
10 1 ¶¶ 4-5; Doc. 17-2 at 2-3.) This factor does not require an adjustment to the lodestar
11 amount.

### 8. Time Limitations

13       OSN's exhibits and its supporting affidavit suggest that there were no time
14 limitations imposed by Plaintiff or by the circumstances. *See Pozez v. Ethanol Cap. Mgmt.*
15 *LLC*, No. CV-07-00319-TUC-CKJ, 2013 WL 12095669, at *4 (D. Ariz. July 15, 2013)
16 (granting plaintiff's attorneys' fees even where there were no time limitations imposed).

### 9. Amount Involved and Results Obtained

18       No damages were awarded in this case. The Court, however, granted Plaintiff's
19 request for a permanent injunction, and as such, it does not warrant an adjustment to the
20 lodestar amount.

### 10. Cases Undesirability

22       There is no indication that this case was particularly undesirable for Plaintiff's
23 counsel. The supporting documents and arguments do not present any evidence suggesting
24 that this litigation was viewed as notably undesirable or that it carried any exceptional risk
25 or burden that would warrant an adjustment to the lodestar amount. Therefore, this factor
26 does not justify any modification of the requested fees.

### 11. Nature and Length of Relationship with the Client

28       This case has been on the Court's docket since June 28, 2023. In a letter to OSN,

Mr. Gallagher alludes to a prior relationship with Plaintiff: "[The firm] is very pleased to have the opportunity to *again* provide legal services to OSN Labs LLC." (Doc. 17-2 at 2) (emphasis added). Plaintiff's counsel, however, provided no additional evidence of an existing relationship, and no such argument of a long-term, existing relationship was brought in support of a change to the attorney's fee amount. As such, it does not necessitate an adjustment to the lodestar amount.

### 12. Hourly Fees Awarded in Similar Cases

The Court addressed this factor in its analysis of the customary fee.

### C. Other Matters

Lastly, Plaintiff requests $2,000 for anticipated costs of collection efforts for the default judgment and the award of attorneys' fees. (Doc. 17 at 6.) Plaintiff asserts that this amount is reasonable because of Defendant's refusal to participate in this proceeding and the difficulty experienced serving Defendant's registered agent. (*Id.*) Plaintiff cites *Aguirre v. Custom Image Pros LLC*, in which this Court found $2,000 in collection costs to be a reasonable estimate of the costs involved in the collection of a judgment and attorneys' fees from defaulted defendants under similar circumstances. (*Id.*) The Court also finds the requested amount reasonable. *See, e.g.*, *Vazquez v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126 at *4 (D. Ariz. June 27, 2023) (finding $2,000 in anticipated collection costs reasonable); *Million v. Pindernation Holdings LLC*, No. CV-23-00072-PHX-MTL, 2023 WL 3585237 at *1 (D. Ariz. May 22, 2023) (finding $2,000 in anticipated collection costs reasonable).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff OSN Labs, LLC's Motion for Attorneys' Fees and Costs Against Defendant Phoenix Energy, LLC. (Doc. 17.)

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED awarding** Plaintiff $52,871.50 in attorneys' fees, $251.20 in costs, and $2,000.00 in anticipated collection costs. These amounts include any post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

Dated this 4th day of June, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge